UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-CV-111-HRW

MILTON F. VANDERFORD                                                                    PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

L.T. COOPER                                                                                      DEFENDANT

The Plaintiff, Milton F. Vanderford ("Vanderford"), is a prisoner incarcerated at the Eastern Kentucky Correctional Complex ("E.K.C.C."). Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. §1983 [see Record Nos. 1, 6]. He has also filed motions to proceed *in forma pauperis* [Record Nos. 2, 3], which have been addressed by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

On August 27, 2005, Vanderford reported to Lt. Holbrook that he was sexually assaulted by an officer as he was leaving the kitchen area of E.K.C.C. Vanderford was examined by prison medical staff, who found that he had not suffered any injuries, and then placed in segregation to

separate him from the officer who allegedly committed the sexual assault. Both officers who were present when the pat-down search of Vanderford occurred as he left the kitchen area denied Vanderford's allegations. In the process of investigating Vanderford's allegations, Captain Smith reviewed videotape taken from a video camera located near the kitchen facility. That review indicated that Officer L. Hittepole conducted a pat-down search of Vanderford, but that no misconduct occurred.

As a result of this investigation, on September 13, 2005, Vanderford was charged with lying to an employee, a Category 3-21 violation. After hearings on September 28, 2005, October 3, 2005, and October 19, 2005, on November 21, 2005, the Kentucky Department of Corrections ("K.D.O.C.") Adjustment Committee found Vanderford guilty of the offense and sentenced him to 15 days in the disciplinary segregation unit with credit for time served. See Appendix A to Vanderford's Brief [Record No. 6].

Prior to the first hearing on his Category 3-21 charge, on September 19, 2005, Vanderford made a request to E.K.C.C. for a copy of the videotape pursuant to the Kentucky Open Records Act, KRS 61.870-.884. E.K.C.C. denied that request the next day, on September 20, 2005. On October 12, 2005, Vanderford sent a letter to the Kentucky Attorney General's Office appealing E.K.C.C.'s decision. While that appeal was pending, on November 11, 2005, Vanderford made a second open records request to E.K.C.C., this time requesting still images taken from the videotape, such images allegedly being used by E.K.C.C.'s Adjustment Committee in the prison disciplinary proceedings. By letter dated November 14, 2005, the Attorney General's Office denied Vanderford's first appeal as untimely under KRS 197.025(3). The same day, E.K.C.C. denied Vanderford's second open records request for the still images. Vanderford appealed that decision to the Attorney General's

Office on November 20, 2005. By letter dated January 4, 2006, the Attorney General's Office denied Vanderford's second appeal.

## DISCUSSION

Vanderford claims that the defendants violated his Due Process rights by not providing him with a copy of the videotape 24 hours prior to the hearing on his disciplinary charge as required by K.D.O.C. Corrections Policies and Procedures ("C.P.P.") 15.6 (VI)(C)(4)(b)(3)(c)(1) (2003), and in response to his request through the Kentucky Open Records Act, KRS 61.872(1).

In their responses to Vanderford's appeals and grievance, the defendants cited C.P.P. 15.6 (VI)(C)(4)(b)(3)(c), which states that investigative materials to be used by the Adjustment Committee need not be disclosed where "disclosure of those documents constitutes a threat to the safety and security of an inmate, the public, or the institution." They further resisted his open records requests pursuant to KRS 197.025(1), which provides that "KRS 61.884 and 61.878 to the contrary notwithstanding, no person shall have access to any records if the disclosure is deemed by the commissioner of the department or his designee to constitute a threat to the security of the inmate, any other inmate, correctional staff, the institution, or any other person."

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that a prisoner faced with a disciplinary charge is entitled to: (1) advance written notice of the charges against him, to be no less than 24 hours prior to the hearing; (2) a qualified right to call witnesses and present documentary evidence in his defense, at least when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. *Id*. at 563-67. Vanderford appears to claim that the defendants violated *Wolff*'s second requirement by not providing him with a copy of the

3

evidence to be considered against him. But in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court clarified that the procedural protections described in *Wolff* are only required where the disciplinary action to be taken by prison officials is one that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Importantly, in *Sandin* the Supreme Court concluded that neither the Hawaii prison regulation at issue nor the Due Process Clause of its own force required the satisfaction of the *Wolff* protections where the penalty imposed, a thirty-day sentence in disciplinary segregation, placed the prisoner in a situation only minimally different from conditions which could ordinarily be expected in prison and hence did not impose any "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 486-87. Such a liberty interest will rarely be found absent the loss of good time credits, hence affecting not merely the conditions of confinement but the duration as well, or a significant period of disciplinary segregation that presents an unusual hardship on the inmate. *See, e.g., Whitford v. Boglino*, 63 F.3d 527, 532-33 (7th Cir. 1995) (six-month confinement in disciplinary confinement was not an atypical and significant hardship under *Sandin*).

The penalty imposed upon Vanderford here, fifteen days in disciplinary segregation, is far less than that found to be insufficient to invoke the *Wolff* procedural protections by the Supreme Court in *Sandin*. Accordingly, the Court concludes that the penalty imposed is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and Vanderford's allegations are insufficient to even trigger the procedural due process protections in *Wolff*. His claims must therefore be dismissed with prejudice. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

4

(1)     Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This August 14, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge